IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CSB-SYSTEM INTERNATIONAL INC. | : | |
| | : | CIVIL ACTION |
| Plaintiff/Counterclaim Defendant, | : | |
| | : | |
| v. | : | |
| | : | NO. 10-2156 |
| SAP AMERICA, INC., | : | |
| | : | |
| Defendant/Counterclaim Plaintiff. | : | |

**ORDER**

**AND NOW**, this *27th* day of *July*, 2011, upon consideration of Plaintiff CSB-System International Inc.'s Opening Claim Construction Brief (Docket No. 31), Defendant SAP America, Inc.'s Opening Claim Construction Brief (Docket No. 32), Defendant's Opposition Claim Construction Brief (Docket No. 41), Plaintiff's Opposition Claim Construction Brief (Docket No. 42), Plaintiff's Post-Hearing Memorandum (Docket No. 60), and Defendant's Post-Hearing Memorandum (Docket No. 61), together with all testimony, evidence, and arguments presented at the June 7, 2011 hearing held pursuant to Markman v. Westview Instruments, Inc., 52 F.3d 967, 976 (Fed. Cir. 1995), aff'd, 517 U.S. 370 (1996), it is hereby **ORDERED** as follows:

1. The disputed claim terms in U.S. Patent Number 5,631,953 ("'953 Patent") are **CONSTRUED** as follows:

    a. ***"EDP System"*** means "Electronic Data Processing system consists of computers and software for the processing of data, including a shared database."

    b. ***"Telephone Extensions which are directly connectable to a telephone network selected from the group consisting of a public ISDN telephone network and Euro ISDN telephone network"*** means "telephones and/or

          other devices such as fax devices of the type that can be directly connected to either the public ISDN or Euro ISDN telephone network." This phrase denotes a closed Markush group.

    c.    ***"Personal computer"*** means "a desktop, floor-standing, or portable microcomputer that usually consists of a system unit, a display monitor, a keyboard, one or more diskette drives, internal fixed storage, and an option printer. A PC is designed to give independent computer power to a single user."

    d.    ***"Integration element"*** means "a component that converts signals from the intelligent telephone system into data records, which it sends to the personal computer, and receives data records from the personal computer, which it can then convert into signals sent to the intelligent telephone system."

    e.    ***"Server"*** means "a computer on the Local Area Network (LAN) that responds to requests from telephone software and provides shared services to the personal computers/workstations in response to queries from clients."

    f.    ***"Data record"*** means "a set of data by which information is electronically sent from the integration element to the personal computer and back, and by which information is queried from a database by a client using a personal computer."

    g.    ***"ISDN"*** means "integrated services digital network."

    h.    ***"Intelligent telephone system"*** means "a telephone system capable of accepting signals to control its functions and sending signals containing information."

    i.    ***"SDLC"*** means "an acronym for synchronous link data."

    j.    ***"Connection element"*** means "intermediate hardware that connects other pieces of hardware."

    k.    ***"Selected from the group consisting of an SDLC connection element and an ISDN connection element"*** is a closed Markush group.

2.    Defendant's argument that certain terms of the '953 Patent are indefinite is **DENIED WITHOUT PREJUDICE** to Defendant's right to re-raise it during summary judgment proceedings, and the disputed terms are **CONSTRUED AS FOLLOWS**:

    a.    ***"An appropriate information"*** means "the information useful for caller identification and other application purposes."

      b.    ***"A necessary signal"*** means "the signal that is sent from the integration element to the intelligent telephone system to obtain the function desired by the client making the request."

      c.    ***"Is formed so that it is possible"*** means "the integration element software is configured so as to make it possible to use the connections and data sharing of Claim 2 so as to hold a conference among the connected telephone extensions."

      d.    ***"Where required"*** means "where a competent party needs to clarify questions and data of the caller."

      e.    ***"An applied speech and data communication"*** means "the telephone and data communication originally established in Claim 2 between the caller and the agent/client as now including one or more additional agents/clients."

      f.    ***Claim 6*** states that "data may be exchanged between the caller and the competent party as described in claim 1, and even if a conference call is established, this data and additional data can be shared among all of the competent parties while possibly excluding the caller from sharing the additional data."

3.    Defendant's post-<u>Markman</u> hearing request to construe phrases not previously addressed by the parties' opening claim construction briefs is **DENIED WITHOUT PREJUDICE**.

It is so **ORDERED**.

                                 BY THE COURT:

                                 *s/ Ronald L. Buckwalter*
                                RONALD L. BUCKWALTER, S.J.