IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CSB-SYSTEM INTERNATIONAL INC., <br><br> Plaintiff/Counterclaim Defendant, <br> v. <br><br> SAP AMERICA, INC., <br><br> Defendant/Counterclaim Plaintiff. | Civil Action No. 10-CV-2156-RB |

SAP'S STATEMENT OF UNDISPUTED FACTS
DEMONSTRATING EACH CLAIM OF U.S. PATENT NO. 5,631,953 IS
INVALID FOR CLAIMING BOTH AN APPARATUS AND A METHOD

1.      Claims 1-8 of U.S. Patent No. 5,631,953 ("the '953 patent") are directed to a system (Exh. 1 at Col. 5, ll 52-55 (Claim 1: "A circuit arrangement … comprising …."); Col. 6, line 13 (Claim 2: "A circuit arrangement as defined in claim 1…."); Col. 6, line 30 (Claim 3: "A circuit arrangement as defined in claim 1…."); Col. 6, line 47 (Claim 4: "A circuit arrangement as defined in claim 2…."); Col. 6, line 52 (Claim 5: "A circuit arrangement as defined in claim 2…."); Col. 6, line 56 (Claim 6: "A circuit arrangement as defined in claim 1…."); Col. 6, line 63 (Claim 7: "A circuit arrangement as defined in claim 1…."); Col. 7, line 9 (Claim 8: "A circuit arrangement as defined in claim 1….")).

2.      Claim 1 recites:

> 1. A circuit arrangement for integration of EDP systems in utilization of telephone systems connected to a public ISDN or Euro ISDN telephone network, the circuit arrangement comprising
>
> a plurality of telephone extensions which are directly connectable to a telephone network selected from the group consisting of a public ISDN telephone network and Euro ISDN telephone network;

1

> a first line;
>
> an intelligent telephone system arranged so that said telephone extensions are connectable with said at least one telephone network through said first line and said intelligent telephone system; a plurality of personal computers;
>
> an integration element arranged between said intelligent telephone system and said personal computers, said integration element receiving signals via at least one connection element selected from the group consisting of an SDLC connection element and an ISDN connection element via a second line from said at least one telephone network via said intelligent telephone system and sending back signals to said at least one telephone network, said integration element also sending a data record assigned an appropriate information via a third line, via a LAN connected to a LAN server by a fourth line and via a fifth line to said personal computers and receiving a data record from said personal computers again;
>
> a computing system;
>
> and a software layer arranged so that a conversion of the signals into a data record and vice versa is carried by said integration element, by said computing system, by said software layer and by said at least one connection element with an internal software.

(Exh. 1 at Col. 5, line 52 – Col. 6, line 12).

3.Claim 1 recites active use steps "receiving signals," "sending back signals," "sending a data record," and "receiving a data record":

> an integration element arranged between said intelligent telephone system and said personal computers, ***said integration element receiving signals*** via at least one connection element selected from the group consisting of an SDLC connection element and an ISDN connection element via a second line from said at least one telephone network via said intelligent telephone system ***and sending back signals*** to said at least one telephone network, ***said integration element also sending a data record*** assigned an appropriate information via a third line, via a LAN connected to a LAN server by a fourth line and via a fifth line to said personal computers ***and receiving a data record*** from said personal computers again. . . .

(Exh. 1 at Col. 5, line 62 – Col. 6, line 7) (emphasis added).

2

4. The acts of "sending" and "receiving" in claim 1 occur only when the system is being used, and the claimed sending/receiving would not be put into effect without activation of the system. (Exh. 1 at Col. 4, ll.33-35; Col. 4, ll.47-50; Col. 4, ll.55-63; Col. 5, ll.3-9; Exh. 2 at 74-75 & 75:5-8: ("Q: [I]f no call is coming in or if no call is still active on the system, it's not sending and receiving?  A: No")).

5. Claims 2-3 and 6-8 each depend directly from claim 1 and, thus, include all of the limitations of claim 1, and claims 4 and 5 depend from claim 2 and, thus, include all of the limitations of both claim 1 and claim 2. (Exh. 1 at Col. 5, ll 52-55 (Claim 1: "A circuit arrangement … comprising …."); Col. 6, line 13 (Claim 2: "A circuit arrangement as defined in claim 1…."); Col. 6, line 30 (Claim 3: "A circuit arrangement as defined in claim 1…."); Col. 6, line 47 (Claim 4: "A circuit arrangement as defined in claim 2…."); Col. 6, line 52 (Claim 5: "A circuit arrangement as defined in claim 2…."); Col. 6, line 56 (Claim 6: "A circuit arrangement as defined in claim 1…."); Col. 6, line 63 (Claim 7: "A circuit arrangement as defined in claim 1…."); Col. 7, line 9 (Claim 8: "A circuit arrangement as defined in claim 1….")).

6. Claims 2 and 3 recite:

> 2. A circuit arrangement as defined in claim 1, wherein said personal computers are provided with keyboards so that a speech or data communication between a caller via said at least one telephone network and a competent party on one of said telephone extensions with a respectively assigned one of said personal computers is sent to another competent party and back after the respective competent party has sent a data record assigned the appropriate information to said integration element by operating said keyboard of the respectively assigned one of said personal computers, and a necessary signal leaving said integration element is applied at said intelligent telephone system and a connection to at least one another telephone extension is established, so that a connection to every telephone extension simultaneously provides an immediate integration of said personal computer assigned to said telephone extension in the established speech and data communication.

3

> 3. A circuit arrangement as defined in claim 1, wherein said personal computers are provided with keyboards so that a speech or data communication between a caller via said at least one telephone network and a competent party on one of said telephone extensions with a respectively assigned one of said personal computers is sent to another competent party and back after the respective competent party has sent a data record assigned the appropriate information to said integration element by operating said keyboard of the respectively assigned one of said personal computers, and a necessary signal leaving said integration element is applied at said intelligent telephone system and a connection to all said telephone extensions is established, so that a connection to every telephone extension simultaneously provides an immediate integration of said personal computer assigned to said telephone extension in the established speech and data communication.

(Exh. 1 at Col. 6, ll. 13-46).

7.   Claims 2 and 3 recite user activity shown by the emphasized portions:

> 2. A circuit arrangement as defined in claim 1, wherein said personal computers are provided with keyboards so that a speech or data communication. . . ***is sent to another competent party and back after the respective competent party has sent a data record*** assigned the appropriate information to said integration element ***by operating said keyboard*** of the respectively assigned one of said personal computers, ***and a necessary signal*** leaving said integration element ***is applied*** at said intelligent telephone system ***and a connection*** to at least one another telephone extension ***is established*** . . . .

> 3. A circuit arrangement as defined in claim 1, wherein said personal computers are provided with keyboards so that a speech or data communication. . . ***is sent to another competent party and back after the respective competent party has sent a data record*** assigned the appropriate information to said integration element ***by operating said keyboard*** of the respectively assigned one of said personal computers, ***and a necessary signal*** leaving said integration element ***is applied*** at said intelligent telephone system ***and a connection*** to all said telephone extensions ***is established***. . . .

(Exh. 1 at Col. 6, ll. 13-46) (emphasis added).

8. Claims 7 and 8 recite:

> 7. A circuit arrangement as defined in claim 1, wherein said integration element is formed so that in addition to the speech and data communication, a fax transmission is made simultaneously between the respective competent party and the caller using the keyboard of a respective one of said personal computers by using the connection of the respective personal computer with said at least one telephone network via said fixed line with the LAN with inclusion of the LAN server via said fourth line, via said third line with the integration element comprising said computing system, said software, said at least one connection element with the internal software, and via said second line with the intelligent telephone system.
>
> 8. A circuit arrangement as defined in claim 1, wherein said integration element is formed so that in addition to the speech and data communication, a fax transmission is made parallel between the respective competent party and the caller using the keyboard of a respective one of said personal computers by using the connection of the respective personal computer with said at least one telephone network via said fixed line with the LAN with inclusion of the LAN server via said fourth line, via said third line with the integration element comprising said computing system, said software, said at least one connection element with the internal software, and via said second line with the intelligent telephone system.

(Exh. 1 at Col. 6, line 63 – Col. 8, line 9).

9. Claims 7 and 8 include actions of the user shown by the emphasized portions:

> 7. A circuit arrangement as defined in claim 1, wherein. . . ***a fax transmission is made*** simultaneously between the respective competent party and the caller ***using the keyboard*** of a respective one of said personal computers ***by using the connection of the respective personal computer*** with said at least one telephone network. . . .
>
> 8. A circuit arrangement as defined in claim 1, wherein. . . ***a fax transmission is made*** parallel between the respective competent party and the caller ***using the keyboard*** of a respective one of said personal computers ***by using the connection of the respective personal computer*** with said at least one telephone network. . . .

(Exh. 1 at Col. 6, line 63 – Col. 8, line 9) (emphasis added).

5

Respectfully submitted,

Date:  August 12, 2011　　　　　　　　　WOODCOCK WASHBURN LLP

By:   /s/  Henrik D. Parker
Steven J. Rocci (Pa. I.D. 34581)
Henrik D. Parker (Pa. I.D. 53938)
Gary H. Levin (Pa. I.D. 23430)
Jordan J. Oliver (Pa. I.D. 206528)
Arshid Sheikh (Pa. I.D. 308638)
Cira Centre
2929 Arch Street, 12th Floor
Philadelphia, PA  19104-2891
Telephone:  (215) 568-3100
Facsimile:  (215) 568-3439
rocci@woodcock.com
parker@woodcock.com
levin@woodcock.com
joliver@woodcock.com
asheikh@woodcock.com

*Attorneys for SAP America, Inc.*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of August, 2011, I caused a true and correct copy of the foregoing SAP'S COMBINED MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF ALL CLAIMS OF U.S. PATENT NO. 5,631,953 FOR CLAIMING BOTH AN APPARATUS AND A METHOD IN EACH CLAIM to be served via CM/ECF on the following attorney of record:

>Wayne A. Graver, Esquire (wgraver@lavin-law.com)
>Lavin, O'Neil, Ricci, Cedrone & Disipo
>190 N. Independence Mall West
>Philadelphia, PA  19106
>
>Thorsten Schmidt, Esquire (tschmidt@schmidt-llc.com)
>Bruce J. Koch, Esquire (bkoch@schmidt-llc.com)
>Schmidt LLC
>666 Third Avenue, 30th Floor
>New York, NY  10038
>Tel: (212) 809-1444
>Fax: (212) 983-1554
>
>Attorneys for CSB-System International Inc.


    /s/  Henrik D. Parker